[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Tex-Ray, Inc., a Connecticut Corporation engaged in the business of making boiler repairs, brings this contract action to recover payment for supplies and services rendered to the defendant and not paid for, in the amount of $31,194.00. The defendant denies the plaintiff's claims and in a two-count counterclaim alleges that the contract was breached by the plaintiff (count one) and that the plaintiff's actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. 42-110 (a) et. seq. (count two).[1] The plaintiff now moves this court to strike count two of the defendant's counterclaim for being legally insufficient to set forth a CUTPA violation. For the reasons which follow, the plaintiff's motion to strike count two is granted.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff had] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-13, 680 A.2d 127 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix v.Medical Systems, Inc. v. BOC Group. Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
In the instant case, the plaintiff's complaint alleges that on August 1, 1995, the defendant entered into a contract with the plaintiff to make repairs to various boilers at different sites requested by the defendant. The plaintiff contends that CT Page 4924 it provided all the labor and materials in a workmanlike manner and that the defendant owes the plaintiff a balance due of $31,194.00.
The defendant alleges in count two of its counterclaim that the plaintiff violated the Connecticut Unfair Trade Practices Act, C.G.S. 42-110b et. seq. (CUTPA) by breaching the agreement between the parties in that the plaintiff charged excessively for labor, materials and equipment, failed to complete work in a reasonable manner, failed to follow manufacturers' specifications and provided defective work and materials. Moreover, the defendant asserts that the plaintiff's breach of contract has caused additional monetary damages relating to interference with contractual agreements and relations with the defendant's customers and by making improper statements to the defendant's customers while attempting to make the contracted boiler repairs.
According to the defendant, the plaintiff's conduct was immoral, unethical and unscrupulous in that the plaintiff engaged in a practice of overcharging defendant for work performed, by allowing its employees to arrive late and/or leave job sites early, by one of plaintiff's employees making disparaging remarks about the judicial system and his business partner, and by telling one of defendant's customers that a boiler was not leaking, in spite of the customers complaints to the contrary, thus causing the defendant to lose this customer. In sum, the defendant contends that the plaintiff's conduct represents deceptive practices and bad faith legally sufficient to establish a CUTPA violation.
"In determining when a practice is unfair, we have adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." (Citations omitted; internal quotation marks omitted.) A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990).
Facts that establish a breach of contract claim may be CT Page 4925 sufficient to establish a CUTPA violation. Lester v. ResortCamplands International, Inc., 27 Conn. App. 59, 71,605 A.2d 550 (1992). Many superior courts, however, have held that a simple claim of breach of contract is not sufficient to give rise to a CUTPA violation, "particularly where the complaint simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." World Cable Communications, Inc.v. Phillips Broadband Networks, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 521774 (March 25, 1994, Wagner, J.).[2]
Viewing the facts alleged in count two of the defendant's counterclaim most favorably to the defendant, the court finds that they are legally insufficient to support a CUTPA violation. The defendant has failed to show how the alleged breach of contract met any of the three prongs of the "cigarette rule" test. The defendant has merely alleged a breach of contract claim, without setting forth any aggravating circumstance as to how or in what respect the plaintiff's conduct offends public policy, is immoral, unethical, oppressive or unscrupulous, or how it caused substantial injury to consumers.
Similarly, the defendant's allegations that the plaintiff tortiously interfered with the defendant's business expectancies and relationships are conclusory and do not support a CUTPA violation. Overcharging for labor and submitting excessive bills does not constitute unfair competition and unfair and deceptive trade practices, even when added to the breach of contract claim. Accordingly, the plaintiff's motion to strike count two of the defendant's counterclaim is hereby granted.
Dated at Waterbury, Connecticut this 7th day of April, 1998.
BY THE COURT,
ESPINOSA, J.